# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

DUSTIN THOMAS HOUSE DARDEN,

        Plaintiff,

    v.

MUNICIPALITY OF ANCHORAGE, *et al.*,

        Defendants.

Case No. 3:25-cv-00090-SLG

## ORDER ON MOTION TO DISMISS, MOTION TO SUPPLEMENT, AND MOTION TO STRIKE

Before the Court at Docket 25 is Defendants'[1] Motion to Dismiss. Self-represented litigant Dustin Thomas House Darden ("Plaintiff") filed his Complaint with this Court on May 9, 2025.[2] He responded to Defendants' Motion to Dismiss at Docket 27, and Defendants filed a reply at Docket 28. The Court held oral argument on the Motion to Dismiss on November 5, 2025.[3]

---

[1] Plaintiff names as Defendants the Municipality of Anchorage; the Anchorage Police Department; Sergeant David Noll; Officer Maldonado; Lieutenant Davidson; Michael Kerle, Chief of Police of Anchorage; Anchorage Police Department Internal Affairs; and John Long, Internal Affairs Investigator. Docket 1 at 1. Defendants confirm that Lieutenant Derek Davison is the individual named in the Complaint as Lieutenant Davidson. *See* Docket 25 at 3, n.10. Defendants also note that Michael Kerle is the former Chief of the Anchorage Police Department and John Long is Sergeant John Long. *See* Docket 25 at 3.

[2] Docket 1.

[3] Docket 38.

Also before the Court is Plaintiff's related motion to supplement the record with annotated transcripts of video evidence at Docket 33 and Defendants' motion to strike at Docket 36. Plaintiff responded to the motion to strike at Docket 37.

The Court has jurisdiction under 28 U.S.C. § 1331 and § 1343(a)(3) because Plaintiff asserts causes of action arising under 42 U.S.C. § 1983 ("Section 1983"). The Court exercises its supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

## BACKGROUND

Plaintiff's Complaint alleges that on or about May 13, 2023, he observed and recorded Defendant Officer Jose Maldonado of the Anchorage Police Department ("APD") conducting a traffic stop in a construction zone.[4] After the traffic stop was completed, Plaintiff expressed his views to Officer Maldonado regarding constitutional rights during police encounters and told Officer Maldonado that "Jesus Christ is his Lord and Savior."[5] Plaintiff asserts that, while conversing with Officer Maldonado in a school parking lot, Sergeant David Noll drove up to the scene "in excess of the posted 5 MPH [speed] limit."[6] Upon Sergeant Noll's approach, Plaintiff asked Sergeant Noll why he was exceeding the speed limit, who indicated he thought the speed limit was 15 MPH.[7] Plaintiff then requested that

---

[4] Docket 1 at 9.

[5] Docket 1 at 10–11.

[6] Docket 1 at 11.

[7] Docket 1 at 12–13.

Case No. 3:25-cv-00090-SLG, *Darden v. Muni. of Anchorage, et al.*
Order on Motion to Dismiss, Motion to Supplement, and Motion to Strike
Page 2 of 37
Case 3:25-cv-00090-SLG     Document 40     Filed 03/09/26     Page 2 of 37

Officer Maldonado issue a citation to Sergeant Noll for driving over the speed limit posted in the parking lot.[8] He asserts that in direct response to this request, Sergeant Noll suddenly grabbed Plaintiff's wrist "with excessive force" and placed him in handcuffs.[9] Plaintiff alleges he then stated this was a warrantless arrest and Sergeant Noll responded that Plaintiff was being arrested for three outstanding warrants, although Sergeant Noll had made "no effort to verify Plaintiff's identity prior to the arrest."[10] Plaintiff alleges he did not have any outstanding arrest warrants.[11] The officers then seized Plaintiff's recording device, which Plaintiff alleges "had been recording the entire encounter up to that point."[12] Plaintiff also alleges that "as handcuffs were removed, Plaintiff felt what he believed to be a needle or sharp object poked into his back, causing him to fear for his safety and well-being."[13]

After the incident, Plaintiff contacted Defendant Lieutenant Davison, who had reviewed the video and audio recordings of the incident.[14] Plaintiff alleges that Lieutenant Davison defended the officers' actions and "made misleading

---

[8] Docket 1 at 13.

[9] Docket 1 at 13.

[10] Docket 1 at 14.

[11] Docket 1 at 14.

[12] Docket 1 at 15.

[13] Docket 1 at 16.

[14] Docket 1 at 16.

Case No. 3:25-cv-00090-SLG, *Darden v. Muni. of Anchorage, et al.*
Order on Motion to Dismiss, Motion to Supplement, and Motion to Strike
Page 3 of 37

Case 3:25-cv-00090-SLG     Document 40     Filed 03/09/26     Page 3 of 37

statements about the encounter."[15]  Plaintiff then contacted Defendant Sergeant John Long of APD Internal Affairs.[16]  He requested a recording of his telephone conversation with Lieutenant Davison and Sergeant Noll's dash camera video recording that would show the speed of his vehicle while driving in the school parking lot, but Plaintiff alleges that Sergeant Long refused to provide the recordings to him.[17]

## LEGAL STANDARD

A party may seek dismissal under Federal Rule of Civil Procedure 12(b)(6) for a complaint's "failure to state a claim for which relief can be granted." "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[18] Nonetheless, "the trial court does not have to accept as true conclusory allegations in a complaint or legal claims asserted in the form of factual allegations."[19]

When deciding a Rule 12(b)(6) motion, a court considers only the operative complaint, materials incorporated into the complaint by reference, and matters on

---

[15] Docket 1 at 16.

[16] Docket 1 at 18.

[17] Docket 1 at 18.

[18] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[19] *In re Tracht Gut, LLC*, 836 F.3d 1146, 1150 (9th Cir. 2016).

Case No. 3:25-cv-00090-SLG, *Darden v. Muni. of Anchorage, et al.*
Order on Motion to Dismiss, Motion to Supplement, and Motion to Strike
Page 4 of 37

Case 3:25-cv-00090-SLG     Document 40     Filed 03/09/26     Page 4 of 37

which a court has taken judicial notice.[20] A court need not accept as true allegations in the complaint that contradict those materials.[21] In particular, when video footage has captured the events in question, and that footage has been incorporated by reference into a complaint, a court should view the facts in the light depicted by the video footage.[22]

When a motion to dismiss for failure to state a claim is granted, a court "should freely give leave when justice so requires."[23] However, "leave may be denied if amendment of the complaint would be futile."[24] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[25]

---

[20] *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008) (citing *Tellabs, Inc. v. Makor Issues & Rights*, Ltd., 551 U.S. 308, 322 (2007)).

[21] *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001).

[22] *Scott v. Harris,* 550 U.S. 372, 381 (2007) (holding that on summary judgment, when a party's "version of events is so utterly discredited by the record that no reasonable jury could have believed him, [a court should not rely] on such visible fiction; it should . . . view[] the facts in the light depicted by the videotape").

[23] Fed. R. Civ. P. 15(a).

[24] *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[25] *Schreiber Distributing Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986) (citation omitted).

Case No. 3:25-cv-00090-SLG, *Darden v. Muni. of Anchorage, et al.*
Order on Motion to Dismiss, Motion to Supplement, and Motion to Strike
Page 5 of 37

**DISCUSSION**

## I. Incorporation by Reference

The Court's record contains two USB drives with video footage from Officer Maldonado's and Sergeant Noll's dash cameras from the May 13, 2023 incident.[26] Defendants conventionally filed the USB drive of Officer Maldonado's dash camera video as Exhibit A to their reply at Docket 28 and the USB drive of Sergeant Noll's dash camera video at Docket 39. Defendants assert that APD records reflect that Plaintiff received the videos pursuant to a public records request and reviewed them on September 7, 2023, before Plaintiff filed his Complaint.[27]

While Plaintiff repeatedly asserts in the Complaint that APD failed to produce any video footage from Sergeant Noll's dash camera that would show his vehicle's speed in the parking lot,[28] Plaintiff does not object to the Court's consideration of the dash camera video recordings that are in the record; indeed, he maintains that "the video recordings are central to my claims and are authentic government records obtained through proper legal channels."[29] Therefore, the video footage from both Officer Maldonado's and Sergeant Noll's dash cameras is incorporated by reference into Plaintiff's Complaint.[30]

---

[26] Docket 28; Docket 39.

[27] Docket 39 at 2; Docket 39-1 at 2.

[28] Docket 1 at 16–19, 26, 30, 37, 41, 44, 47, 54, 62, 64, 67, 69. It would appear likely that Sergeant Noll did not activate the dash camera until he had stopped the vehicle in the school parking lot.

[29] Docket 27 at 21.

[30] *See, e.g., J.K.J. v. County of San Diego,* 42 F.4th 990, 997–98 (9th Cir. 2021) (holding that the

Case No. 3:25-cv-00090-SLG, *Darden v. Muni. of Anchorage, et al.*
Order on Motion to Dismiss, Motion to Supplement, and Motion to Strike
Page 6 of 37

Case 3:25-cv-00090-SLG    Document 40    Filed 03/09/26    Page 6 of 37

## II. Plaintiff's Claims

Plaintiff's Complaint contains the following 13 causes of action: (1) unreasonable seizure in violation of the Fourth Amendment against all Defendants; (2) unreasonable search in violation of the Fourth Amendment against all Defendants; (3) retaliation related to Plaintiff's speech and religious expression in violation of the First Amendment against all Defendants; (4) excessive force in violation of the Fourth Amendment against all Defendants; (5) violation of the Freedom of Information Act, 5 U.S.C. § 552, and violation of the Alaska Public Records Act, AS 40.25.110, against the Municipality, APD, APD Internal Affairs, and Sergeant Long; (6) failure to adequately train APD officers against the Municipality, APD, APD Internal Affairs, and former Chief Kerle; (7) failure to adequately supervise APD officers against the Municipality, APD, APD Internal Affairs, and former Chief Kerle; (8) a custom, policy or practice of retaliation in violation of the First Amendment against the Municipality, APD, APD Internal Affairs, and former Chief Kerle; (9) assault and battery against all Defendants; (10) false imprisonment against all Defendants; (11) intentional infliction of emotional distress against all Defendants; (12) negligent hiring, training, and supervision against the Municipality, APD, APD Internal Affairs, and former Chief Kerle; and

---

district court did not err in relying on body camera video footage because the plaintiff "explicitly incorporated it by reference"), *reh'g en banc granted on other grounds and opinion vacated,* 59 F.4th 1327 (9th Cir. 2023).

Case No. 3:25-cv-00090-SLG, *Darden v. Muni. of Anchorage, et al.*
Order on Motion to Dismiss, Motion to Supplement, and Motion to Strike
Page 7 of 37

Case 3:25-cv-00090-SLG     Document 40     Filed 03/09/26     Page 7 of 37

(13) gross negligence or recklessness against all Defendants.[31]

Defendants move to dismiss all of these claims for failure to state a claim.[32] They also contend that Plaintiff has not pled allegations to support a request for punitive damages and that he should not be given leave to amend his original complaint.[33]

Preliminarily, a local governing body, such as the Municipality of Anchorage ("MOA"), is considered a "person" under Section 1983. But subunits of a municipal government, such as APD and APD Internal Affairs, are not independent legal entities and as such, are not considered "persons" under Section 1983 or under Alaska law[34] Therefore, all of Plaintiff's claims against APD and APD Internal Affairs must be dismissed without leave to amend.

## COUNTS I & II – Fourth Amendment Search and Seizure

Plaintiff's Complaint alleges that his May 13, 2023 arrest was unreasonable because it occurred "immediately" after he requested that Officer Maldonado issue a citation to Sergeant Noll for speeding and because the officers "made no effort to verify Plaintiff's identity prior to arrest."[35] He also alleges that the seizure of his

---

[31] Docket 1 at 23–69.

[32] Docket 25 at 6–35.

[33] Docket 25 at 35–37.

[34] *See Fischer v. Kealoha,* 869 F. Supp. 2d 1203, 1214 (D. Hawai'i 2012) (dismissing police department because it was not an independent entity subject to suit in addition to the municipality); *N. Kenai Peninsula Rd. Maint. Serv. Area v. Kenai Peninsula Borough*, 850 P.2d 636, 639 (Alaska 1993) ("As a general rule, only independent legal entities may sue or be sued.").

[35] Docket 1 at 12–14.

Case No. 3:25-cv-00090-SLG, *Darden v. Muni. of Anchorage, et al.*
Order on Motion to Dismiss, Motion to Supplement, and Motion to Strike
Page 8 of 37

Case 3:25-cv-00090-SLG    Document 40    Filed 03/09/26    Page 8 of 37

video recording device violated his Fourth Amendment and First Amendment rights.[36]

The Fourth Amendment protects "against unreasonable searches and seizures."[37] The Supreme Court has explicitly stated that "an arrest . . . qualifies as a 'seizure' of a 'person' under [the Fourth Amendment], and so must be reasonable under the circumstances."[38] When probable cause exists to arrest for any offense, the arrest is valid regardless of whether the officer requested identification beforehand, as the officer's subjective reason for the arrest is immaterial.[39]

"In a case of mistaken identity, 'the question is whether the arresting officers had a good faith, reasonable belief that the arrestee was the subject of the warrant.'"[40] "[W]hen the police have probable cause to arrest one party, and when they reasonably mistake a second party for the first party, then the arrest of the second party" is valid under the Fourth Amendment.[41] The constitutionality of the

---

[36] Docket 1 at 15.

[37] U.S. Const. amend IV.

[38] *Ashcroft v. al-Kidd,* 563 U.S. 731, 736 (2011) (internal citation omitted).

[39] *Vanegas v. City of Pasadena,* 46 F.4th 1159, 1165 (9th Cir. 2022) ("It is well-established that '[i]f the facts support probable cause . . . for one offense,' an arrest may be lawful 'even if the officer invoked, as the basis for the arrest, a different offense' which lacks probable cause." (quoting *United States v. Magallon-Lopez,* 817 F.3d 671, 675 (9th Cir. 2016))); *see also Davenpeck v. Alford,* 543 U.S. 146, 153 (2004) ("Our cases make clear that an arresting officer's state of mind (except for the facts that he knows) is irrelevant to the existence of probable cause.").

[40] *Sharp v. County of Orange,* 871 F.3d 901, 910 (9th Cir. 2017) (quoting *Rivera v. County of Los Angeles*, 745 F.3d 384, 389 (9th Cir. 2014)).

[41] *Hill v. California,* 401 U.S. 797, 802 (1971) (citation omitted).

Case No. 3:25-cv-00090-SLG, *Darden v. Muni. of Anchorage, et al.*
Order on Motion to Dismiss, Motion to Supplement, and Motion to Strike
Page 9 of 37

Case 3:25-cv-00090-SLG     Document 40     Filed 03/09/26     Page 9 of 37

arrest turns on the reasonableness of the officer's mistake.[42]

In *Sharp v. County of Orange,* the sheriff deputies had an arrest warrant for the plaintiff's son, but the deputies mistakenly arrested the plaintiff.[43] On appeal from an order on summary judgment, the Ninth Circuit held that the officers' "mistake of identity was unreasonable."[44] The Court cited to all the evidence in the record, including each officer's testimony, the radio transmissions, and the information relayed to officers about the suspect's clothing and movements, to conclude that the officers' arrest of the wrong person was unreasonable.[45]

In contrast, in *Hill v. California,* the police had probable cause to arrest a robbery suspect, Hill, but arrested the wrong man, Miller. Miller was found in the suspect's apartment and fit the description of the suspect. On those facts, the Supreme Court held that the arrest and subsequent search of Miller were reasonable under the Fourth Amendment.[46] *Hill v. California* was a criminal case in which Miller was mistakenly arrested in Hill's apartment and officers searched Hill's apartment incident to the arrest. Hill was then charged with a crime based on the evidence seized from the search. After hearing the testimony of the officers,

---

[42] *Sharp,* 871 F.3d at 910.

[43] *Id.* at 907-08.

[44] *Id.* at 910.

[45] *Id.* Although the Circuit held that the arrest of the plaintiff violated the Fourth Amendment, the Court then held that the violation was not clearly established because the plaintiff had failed to cite to controlling case authority that would have alerted officers that their particular conduct was unlawful. *Id.* at 911.

[46] *Hill*, 401 U.S. at 799–804.

Case No. 3:25-cv-00090-SLG, *Darden v. Muni. of Anchorage, et al.*
Order on Motion to Dismiss, Motion to Supplement, and Motion to Strike
Page 10 of 37

Case 3:25-cv-00090-SLG     Document 40     Filed 03/09/26     Page 10 of 37

the trial judge had concluded "that the arresting officers had acted in the good-faith belief that Miller was in fact Hill."[47]

In this case, the officers arrested Plaintiff for the given reason that he had three outstanding warrants.[48] A valid arrest warrant provides probable cause.[49] And in the Ninth Circuit, a warrant generally satisfies the "particularity requirement" of the Fourth Amendment if it contains the subject's name and a detailed physical description.[50] Defendants maintain "crucially, Mr. Darden alleges no plausible basis on which to conclude that the officers here knew his actual identity and lack of open warrants . . . ."[51] But *Sharp* and *Hill* make clear that a Fourth Amendment violation can occur even when an officer does not know the actual identity of the arrestee. Defendants also emphasize that the officers immediately released Plaintiff once his identity was confirmed.[52] However, based solely on the Complaint and the dash camera videos, Plaintiff has alleged plausible facts that his arrest was not reasonable.

Because the search of Plaintiff's person and the seizure of his video recording device was incidental to the arrest, Counts I and II against Officer

---

[47] *Id.* at 801.

[48] Docket 1 at 14.

[49] The Fourth Amendment states that a warrant for arrest "shall [not] issue, but upon probable cause."

[50] *Rivera,* 745 F.3d at 388.

[51] Docket 25 at 8.

[52] Docket 25 at 1, 7–9; Docket 28 at 17.

Case No. 3:25-cv-00090-SLG, *Darden v. Muni. of Anchorage, et al.*
Order on Motion to Dismiss, Motion to Supplement, and Motion to Strike
Page 11 of 37

Case 3:25-cv-00090-SLG     Document 40     Filed 03/09/26     Page 11 of 37

Maldonado and Sergeant Noll will not be dismissed at this preliminary stage of the case. But Plaintiff's Fourth Amendment search and seizure claims against Lieutenant Davison and Sergeant Long must be dismissed, as neither Defendant was present on or about May 13, 2023, during Plaintiff's arrest.[53] Further, Plaintiff's claims against the MOA and former Chief Kerle in Counts I and II must be dismissed, because under *Monell*, there is no respondeat superior liability for constitutional violations.[54]

## COUNT III – Retaliation for First Amendment Speech

Plaintiff alleges that he engaged in protected speech when he "[d]iscussed constitutional rights" with Officer Maldonado, when he "[e]xpressed his religious beliefs by identifying Jesus Christ as his Lord and Savior," and when he "[q]uestioned [Sergeant] Noll about speeding in a school zone."[55]

In general, the First Amendment prohibits government officials from subjecting individuals to retaliatory actions for engaging in protected speech.[56] The U.S. Supreme Court held in *Nieves v. Bartlett* that, generally, a "plaintiff pressing a retaliatory arrest claim must plead and prove the absence of probable

---

[53] *See Cunningham v. Gates,* 229 F.3d 1271, 1289 (9th Cir. 2000), *as amended* (Oct. 31, 2000) (holding that officers can be held liable under Section 1983 for failing to intercede only if they had the opportunity to intercede).

[54] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).

[55] Docket 1 at 33.

[56] *Hartman v. Moore,* 547 U.S. 250, 256 (2006).

Case No. 3:25-cv-00090-SLG, *Darden v. Muni. of Anchorage, et al.*
Order on Motion to Dismiss, Motion to Supplement, and Motion to Strike
Page 12 of 37

Case 3:25-cv-00090-SLG    Document 40    Filed 03/09/26    Page 12 of 37

cause for the arrest."[57]   Here, the officers had probable cause to arrest the individual who had the outstanding warrants.   But, because Plaintiff has alleged plausible facts that Plaintiff's mistaken arrest was unreasonable, and hence, may have been motivated by Plaintiff's protected speech, his retaliatory arrest claim against Officer Maldonado and Sergeant Noll survives dismissal at this preliminary stage of the case.[58]   But, Plaintiff's retaliatory arrest claims against all other Defendants must be dismissed.   As to Lieutenant Davison and Sergeant Long, Plaintiff's claims must be dismissed because neither Defendant was present at Plaintiff's May 13, 2023 arrest. And Plaintiff's claims against the MOA and former Chief Kerle in Claim III must be dismissed because under *Monell*, there is no respondeat superior liability for constitutional violations.

## COUNT IV – Excessive Force

Plaintiff alleges that Officer Maldonado and Sergeant Noll used excessive force against him when Sergeant Noll "suddenly grabbed Plaintiff's wrist with excessive force and placed him in handcuffs,"[59] "[p]hysically restrained Plaintiff despite the absence of any resistance or threat," and "[p]oked Plaintiff in the back with what felt like a needle or sharp object during the removing the handcuffs,

---

[57] 587 U.S. 391, 402 (2019).

[58] *See Cheairs v. City of Seattle,* 145 F.4th 1233, 1246 (9th Cir. 2025) ("Whether an officer was motivated by discriminatory animus 'involves questions of fact that normally should be left for trial.'").

[59] Docket 1 at 13.

Case No. 3:25-cv-00090-SLG, *Darden v. Muni. of Anchorage, et al.*
Order on Motion to Dismiss, Motion to Supplement, and Motion to Strike
Page 13 of 37

causing Plaintiff to fear for his safety and well-being."[60]

Defendants contend that handcuffing and restraint are routine in the course of an arrest, that Plaintiff alleges no facts that he suffered pain or injury from the removal of the handcuffs, and that Plaintiff fails to allege plausible facts that a needle or other sharp object was used to poke him in the back.[61]

"All claims of excessive force . . . are analyzed under the objective reasonableness standard . . . ."[62] This standard requires the court to "balance the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion."[63] "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight."[64] A court's consideration must provide "allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation."[65] And "an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion

---

[60] Docket 1 at 39.

[61] Docket 25 at 16.

[62] *Blanford v. Sacramento County,* 406 F.3d 1110, 1115 (9th Cir. 2005).

[63] *Tennessee v. Garner*, 471 U.S. 1, 8 (1985) (quoting *United States v. Place,* 462 U.S. 696, 703 (1983)).

[64] *Graham v. Conner,* 490 U.S. 386, 396 (1989).

[65] *Id.* at 397.

Case No. 3:25-cv-00090-SLG, *Darden v. Muni. of Anchorage, et al.*
Order on Motion to Dismiss, Motion to Supplement, and Motion to Strike
Page 14 of 37

Case 3:25-cv-00090-SLG     Document 40     Filed 03/09/26     Page 14 of 37

or threat thereof to effect it."[66]

Other district courts in the Ninth Circuit have recognized that the act of handcuffing during an arrest does not, on its own, give rise to a claim of excessive force.[67] In this case, even when Plaintiff's allegations are accepted as true—that the officers' act of putting him in handcuffs caused him "discomfort and fear"—he does not adequately state a claim of excessive force based on the officers' handcuffing. The video of the handcuffing shows that Plaintiff was not injured in any way when he was handcuffed, due in part to the fact that he was compliant with the officers' directives. Likewise, although Plaintiff alleges that it felt as if he had been "poked" by a needle or sharp object when the handcuffs were removed, he has not pleaded facts which, if proven, would demonstrate that the amount of force used to remove the handcuffs was objectively unreasonable.[68] Moreover, the video footage from Officer Maldonado's dash camera shows the officers explaining to Plaintiff that Officer Maldonado was using a handcuff key to remove the handcuffs and Plaintiff exhibits no sign of visible distress or apparent injury at

---

[66] *Id.* at 396 (citing *Terry v. Ohio*, 392 U.S. 1, 22–27 (1968)).

[67] *See Allen v. Contreras*, Case No. 2:21-CV-07765-GW (GJS), 2024 WL 4269101, at *7 (C.D. Cal. Aug. 9, 2024), *report and recommendation adopted*, Case No. 2:21-CV-07765-GW (GJS), 2024 WL 4271544 (C.D. Cal. Sept. 20, 2024) (citing *McGhee v. Ochoa*, Case No. CV 20-116-JWH (AGR), 2021 WL 964252, at *4 (C.D. Cal. Jan. 19, 2021) ("Without more, the use of handcuffs during an arrest is quite common and often a standard practice and ordinarily, the use of handcuffs during an arrest is a very low quantum of force that will not constitute excessive force.") (original punctuation removed and citation omitted).

[68] *Lombardo v. City of St. Louis*, 594 U.S. 464, 467 (2021).

Case No. 3:25-cv-00090-SLG, *Darden v. Muni. of Anchorage, et al.*
Order on Motion to Dismiss, Motion to Supplement, and Motion to Strike
Page 15 of 37

Case 3:25-cv-00090-SLG    Document 40    Filed 03/09/26    Page 15 of 37

that time.[69]

Accordingly, Plaintiff's excessive force claims against Officer Maldonado and Sergeant Noll in Count IV must be dismissed. Although amendment is likely futile as to this claim, leave to amend as to these two Defendants only is granted to provide Plaintiff with an opportunity to allege plausible facts that he suffered pain or injury from the handcuffs being placed on him or during their removal; but any such allegations must not be inconsistent with the videos of the incident.[70] As to the remaining Defendants, Count IV must be dismissed for the same reasons that the Court has dismissed Counts I, II, and III as to these Defendants.

### COUNT V – FOIA and Alaska Public Records Act

Count V alleges violations of the Freedom of Information Act ("FOIA") and the Alaska Public Records Act.[71] Plaintiff alleges that he "made specific requests to Defendants for recordings of his telephone conversation with Lieutenant Davison and dash camera footage showing Defendant Noll's excessive speed . . . ."[72] Plaintiff alleges that he contacted Lieutenant Davison of APD's Internal Affairs Unit to report misconduct by Officer Maldonado and Sergeant Noll and that Lieutenant Davison "defended the officers' actions."[73] Plaintiff alleges that he then

---

[69] Docket 28-2.

[70] *See Scott,* 550 U.S. at 381.

[71] Docket 1 at 43–45.

[72] Docket 1 at 44.

[73] Docket 1 at 16.

Case No. 3:25-cv-00090-SLG, *Darden v. Muni. of Anchorage, et al.*
Order on Motion to Dismiss, Motion to Supplement, and Motion to Strike
Page 16 of 37

Case 3:25-cv-00090-SLG    Document 40    Filed 03/09/26    Page 16 of 37

contacted Sergeant Long, who told him that APD Internal Affairs "do[es] not provide information recordings regarding reports of misconduct of APD."[74]

The FOIA "empowers federal courts to order an 'agency' to produce 'agency records improperly withheld' from an individual requesting access."[75] The FOIA only applies to federal agencies, and none of Defendants are federal agencies.[76] Plaintiff's suggestion that the Court should apply the FOIA to his claim because MOA receives federal funding is without merit.[77] Therefore, Plaintiff cannot state a claim for a violation of FOIA. Further, the Court finds that according leave to amend to allow Plaintiff to attempt to state a FOIA claim would be futile. Hence, the FOIA claim must be dismissed with prejudice.

Plaintiff has no viable federal claim relating to access to public records. Therefore, the Court does not have supplemental jurisdiction, or, to the extent it has such jurisdiction, the Court declines to exercise jurisdiction over Plaintiff's public records claim under Alaska law.

For the foregoing reasons, Count V is dismissed without leave to amend.

---

[74] Docket 1 at 44.

[75] *Forsham v. Harris*, 445 U.S. 169, 171 (1980) (citing 5 U.S.C. § 552(a)(4)(B)).

[76] 5 U.S.C. § 551(1) (defining "agency" as "each authority of the Government of the United States," with certain exceptions).

[77] Docket 27 at 17.

Case No. 3:25-cv-00090-SLG, *Darden v. Muni. of Anchorage, et al.*
Order on Motion to Dismiss, Motion to Supplement, and Motion to Strike
Page 17 of 37

Case 3:25-cv-00090-SLG     Document 40     Filed 03/09/26     Page 17 of 37

## COUNTS VI, VII, & VIII – Failure to Train, Failure to Supervise, and Custom or Practice of Retaliation

In multiple places in the Complaint, Plaintiff makes conclusory statements of a failure to train, a failure to supervise, and a custom or practice of retaliation by the MOA, APD, APD Internal Affairs, and former Chief Kerle (the "Municipal Defendants").[78]  These statements are made without any supporting factual allegations to support the Complaint's allegation that "[t]he actions taken against Plaintiff were not isolated incidents but reflect a broader pattern, practice, and custom of constitutional violations by APD officers, particularly in cases involving citizens who assert their constitutional rights or question officer conduct."[79]

As set forth above, APD and APD Internal Affairs are not independent legal entities that can be held liable under Section 1983.  With respect to MOA, to hold a municipal government liable under Section 1983 for the violation of a constitutional right by its police officers, a plaintiff must establish liability under *Monell v. Department. of Social Services*.[80] Pursuant to *Monell*, "[a] municipality may be held liable as a 'person' under 42 U.S.C. § 1983 when it maintains a policy or custom that causes the deprivation of a plaintiff's federally protected rights."[81]

---

[78] Docket 1 at 19–21, 26–27, 31–32, 37–38, 42–43, 45–56.

[79] Docket 1 at 20.

[80] *Supra* n.54.

[81] *Hyun Ju Park v. City & Cnty. of Honolulu*, 952 F.3d 1136, 1141 (9th Cir. 2020) (citing *Monell*, 436 U.S. at 694).

Case No. 3:25-cv-00090-SLG, *Darden v. Muni. of Anchorage, et al.*
Order on Motion to Dismiss, Motion to Supplement, and Motion to Strike
Page 18 of 37

Here, Plaintiff bases his claims against the Municipality and former Chief Kerle solely on his own encounter with APD officers.[82]  In his opposition, he states that his Complaint "alleges municipal liability under the deliberate indifference theory."[83]  Quoting *City of Canton v. Harris*, he maintains that the "need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers . . . can reasonably be said to have been deliberately indifferent to the need."[84]  Plaintiff cites three examples. First, he claims that the fact that Sergeant Noll did not know the school speed limit shows the need for training.  But whatever speed Sergeant Noll was driving in the parking lot was not a moving force behind any constitutional violation to Plaintiff. He next claims that the need for training is obvious because the officers are arresting people without verifying their identity.  But he cites no authority for this proposition and it is far from obvious that officers should ascertain the identity of an individual in every situation, no matter how urgent, before handcuffing an individual.  Third, he states that "an Internal Affairs system that conceals evidence of misconduct" is demonstrative of an obvious training failure.[85]  But, as discussed below, the Court finds that Plaintiff has not, and cannot state a claim against

---

[82] Docket 1 at 46–47, 50–51, 54.

[83] Docket 27 at 13.

[84] Docket 27 at 13 (quoting *City of Canton v. Harris*, 489 U.S. 378, 390 (1989)).

[85] Docket 27 at 14.

Case No. 3:25-cv-00090-SLG, *Darden v. Muni. of Anchorage, et al.*
Order on Motion to Dismiss, Motion to Supplement, and Motion to Strike
Page 19 of 37

Case 3:25-cv-00090-SLG    Document 40    Filed 03/09/26    Page 19 of 37

Sergeant Long for concealment of evidence. Thus, Plaintiff's Complaint fails to state a viable claim for failure to train based on a deliberate indifference theory.

Plaintiff may also be attempting to assert a ratification claim against former Chief Kerle. "Ratification requires both knowledge of the alleged constitutional violation, and proof that the policymaker specifically approved of the subordinate's act."[86] Plaintiff's Complaint contains no allegations that the former Police Chief knew of the May 13, 2023 incident and specifically approved of the officers' actions on that date.

Therefore, Plaintiff's failure to train, failure to supervise, and a custom or practice of retaliation claims in Count VI, VII, and VIII are dismissed as to MOA and Chief Kerle. Although amendment is likely futile, Plaintiff may amend the Complaint to attempt to allege plausible factual allegations supporting these claims as to MOA and former Chief Kerle only.

## CLAIMS AGAINST LIEUTENANT DAVISON AND SERGEANT LONG

Plaintiff names Lieutenant Davison and Sergeant Long as defendants in several of his causes of action. As discussed above, the Court has dismissed these Defendants from Counts I through IV, as the Complaint alleges no plausible facts showing a failure to intercede by these Defendants, as there is no allegation that either was present in the school parking lot on or about May 13, 2023. Nor is

---

[86] *Lytle v. Carl*, 382 F.3d 978, 988 n.2 (9th Cir. 2004).

Case No. 3:25-cv-00090-SLG, *Darden v. Muni. of Anchorage, et al.*
Order on Motion to Dismiss, Motion to Supplement, and Motion to Strike
Page 20 of 37

either Defendant a final policy maker for APD that could be liable under a ratification theory for May 13, 2023 incident.[87]

Plaintiff alleges in Count V that Sergeant Long's refusal to provide Plaintiff with the recording of Plaintiff's conversation with Lieutenant Davison and Sergeant Noll's dash camera video footage violates the Alaska Public Records Act and FOIA.[88] As set forth above, FOIA does not apply in this case and the Court will not exercise subject matter jurisdiction over the Alaska Public Records Act claim.

Plaintiff also alleges that Sergeant Long's refusal to provide the recording of his conversation with Lieutenant Davison and Sergeant Noll's dash camera footage "demonstrates that APD is operating as though it is above the law"[89] and constitutes active participation in "covering up the unconstitutional conduct by refusing to provide recordings and evidence that would document the misconduct, despite their duty to investigate and address complaints of constitutional violations."[90]

The Ninth Circuit recognizes that a plaintiff may state a Section 1983 claim alleging a cover-up of constitutional violations when the plaintiff can demonstrate an underlying constitutional violation and an independent harm, most commonly

---

[87] *See Sabra v. Maricopa Cnty. Cmty. Coll. Dist.,* 44 F.4th 867, 885 (9th Cir. 2022).

[88] Docket 1 at 43–45.

[89] Docket 1 at 18.

[90] Docket 1 at 26 (unreasonable seizure), 30 (unreasonable search), 34–35 (retaliation), 41 (excessive force), 44 (FOIA and Alaska Public Records Act).

Case No. 3:25-cv-00090-SLG, *Darden v. Muni. of Anchorage, et al.*
Order on Motion to Dismiss, Motion to Supplement, and Motion to Strike
Page 21 of 37

Case 3:25-cv-00090-SLG    Document 40    Filed 03/09/26    Page 21 of 37

interference with access to the courts.[91]  Here, even viewing the facts in the light most favorable to Plaintiff, he fails to allege facts to support a cognizable Section 1983 claim of a cover-up of constitutional violations against Sergeant Long that impacted Plaintiff's access to the courts.    Because Plaintiff has no viable constitutional claim against Lieutenant Davison, he cannot state a claim against Sergeant Long regarding the recording of Plaintiff's telephone conversation with Lieutenant Davison.  And Plaintiff has had all the available video of the May 2023 incident, including Sergeant Noll's dash camera video footage, since September 2023.[92]  Accordingly, Plaintiff cannot state any viable claim against either Sergeant Long or Lieutenant Davison; both of these Defendants must be dismissed from this action without leave to amend.

## III.    State Law Claims

Plaintiff alleges several additional causes of action under Alaska state law. He alleges assault and battery; false imprisonment; intentional infliction of emotional distress; and gross negligence/recklessness against all Defendants.[93] He alleges that the Municipality of Anchorage, APD, and APD Internal Affairs are liable under a theory of respondeat superior for the torts of their employees.[94]  He

---

[91] *See Delew v. Wagner,* 143 F.3d 1219, 1223 (9th Cir. 1998) (holding that "it is reasonable to infer an understanding between Wagner and the officers to cover-up the true facts of Erin Rae Delew's death and thereby deprive the Delews of their right of access to the courts").

[92] Docket 39 at 2.

[93] Docket 1 at 56–69.

[94] Docket 1 at 58, 60, 63, 68.

Case No. 3:25-cv-00090-SLG, *Darden v. Muni. of Anchorage, et al.*
Order on Motion to Dismiss, Motion to Supplement, and Motion to Strike
Page 22 of 37

Case 3:25-cv-00090-SLG     Document 40     Filed 03/09/26     Page 22 of 37

alleges that Lieutenant Davison, Sergeant Long, and former Chief Kerle "authorized, ratified, and facilitated the conduct" of Officer Maldonado and Sergeant Noll.[95]

Just as Plaintiff cannot maintain wrongful arrest, retaliation, or excessive force Section 1983 claims against Lieutenant Davison, Sergeant Long, or former Chief Kerle, because none of these persons were present on May 13, 2023, Plaintiff cannot maintain any arrest-related tort claims against these Defendants.

Defendants contend that official immunity bars Plaintiff's arrest-related tort claims against the remaining Defendants.[96]  Under Alaska law, the test for official immunity from state-law tort claims considers three questions:

> First, does the doctrine of official immunity apply to the state official's conduct?  Second, if it does apply, is the immunity absolute or qualified?  And third, if it is only a qualified immunity, did the state official act corruptly, maliciously, or in bad faith?[97]

### A.  Does the Doctrine of Official Immunity Apply to the State Official's Conduct?

"[O]fficial immunity applies to an official's conduct if (1) it is within the scope of the official's authority, and (2) it is a discretionary act."[98]  The Alaska Supreme Court has held that "making arrests and seizing property incident to arrests is

---

[95] Docket 1 at 58, 61, 63–64, 69.

[96] Docket 25 at 23-25.

[97] *Prentzel v. State*, 169 P.3d 573, 583 (Alaska 2007) (citing *Alpine Industries, Inc. v. Feyk,* 22 P.3d 445, 447–48 (Alaska 2001)).

[98] *Id.* (quoting *Alpine Industries, Inc.*, 22 P.3d at 448).

Case No. 3:25-cv-00090-SLG, *Darden v. Muni. of Anchorage, et al.*
Order on Motion to Dismiss, Motion to Supplement, and Motion to Strike
Page 23 of 37

Case 3:25-cv-00090-SLG     Document 40     Filed 03/09/26     Page 23 of 37

conduct that falls within the troopers' usual authority."[99]   And a police officer's decision to make an arrest is discretionary, except in certain domestic violence situations not applicable here.[100]   Accordingly, Plaintiff's arrest and temporary seizure, even if mistaken, fell within the officers' usual authority and his arrest was discretionary.

## B.    Does Absolute or Qualified Immunity Apply to the Officers' Conduct?

The Alaska Supreme Court has held that qualified immunity applies to "the discretionary act of making arrests and seizing contraband in the course of arrest."[101]   Therefore, qualified immunity applies to the state law arrest-related claims against Officer Maldonaldo and Sergeant Noll.

## C.    Did the Officers Act Corruptly, Maliciously, or in Bad Faith?

"Under a rule of qualified immunity, a public official is shielded from liability . . . when discretionary acts within the scope of the official's authority are done in good faith and are not malicious or corrupt."[102]   In his opposition to the motion to dismiss, Plaintiff asserts that Officer Maldonado's and Sergeant Noll's conduct was malicious because he was subjected to "[i]mmediate arrest following protected

---

[99] *Id.* at 584.

[100] *Compare* Alaska Stat. § 12.25.030 (grounds for arrest by a private person or peace officer without a warrant) *with* Alaska Stat. § 18.65.530 (a peace officer "shall make an arrest" for crimes involving domestic violence, violation of protective orders, and violation of conditions of release).

[101] *Prentzel,* 169 P.3d at 584–85.

[102] *Aspen Exploration Corp. v. Sheffield*, 739 P.2d 150, 158 (Alaska 1987).

Case No. 3:25-cv-00090-SLG, *Darden v. Muni. of Anchorage, et al.*
Order on Motion to Dismiss, Motion to Supplement, and Motion to Strike
Page 24 of 37

Case 3:25-cv-00090-SLG    Document 40    Filed 03/09/26    Page 24 of 37

speech without any intervening investigation," the officers made "[f]alse claims about outstanding warrants without identity verification," and the officers used a "sharp implement" while he was restrained.[103]

Whether Officer Maldonado and Sergeant Noll "acted maliciously is a factual question not suitable for disposition on the pleadings when a complaint properly pleads malice."[104]  Although the video footage incorporated by reference in this case does not support any inference that the officers' actions went beyond what was necessary to make an arrest,[105] Plaintiff has adequately pled factual allegations related to the reasonableness of his mistaken arrest.  Accordingly, the Court will not dismiss the arrest-related state tort claims against Officer Maldonado, Sergeant Noll, and the MOA based on immunity at this preliminary stage of the case.  The Court will address each of Plaintiff's other state tort law claims as to those Defendants below.

## COUNT IX – Assault and Battery

Plaintiff alleges that Sergeant Noll and Officer Maldonado committed assault and battery by placing Plaintiff in handcuffs without legal justification, conducting a non-consensual search, and poking him in the back while removing the handcuffs.[106]  Defendants contend that the officers conduct was made with proper

---

[103] Docket 27 at 16.

[104] *Prentzel v. Dep't of Pub. Safety*, 53 P.3d 587, 591 (Alaska 2002).

[105] Docket 28.

[106] Docket 1 at 57.

Case No. 3:25-cv-00090-SLG, *Darden v. Muni. of Anchorage, et al.*
Order on Motion to Dismiss, Motion to Supplement, and Motion to Strike
Page 25 of 37

legal authority and privileged because it was supported by probable cause.[107]

To establish an assault claim under Alaska law, a plaintiff must prove: (1) the defendants either acted with the intent to touch the plaintiff in a harmful or offensive way, or with the intent to make the plaintiff believe he was about to be touched in a harmful or offensive way; (2) the plaintiff reasonably believed that he was about to be touched in a harmful or offensive way because of something the defendants said or did; and (3) the plaintiff did not consent or cause the defendants to reasonably believe that the plaintiff consented to the acts of defendant.[108]

To establish a battery claim under Alaska law, a plaintiff must prove: (1) the defendants either acted with the intent to touch the plaintiff in a harmful or offensive way, or with the intent to make the plaintiff believe he was about to be touched in a harmful or offensive way; (2) the defendant's act(s) resulted in a harmful or offensive touching of the plaintiff; and (3) the plaintiff did not consent or cause the defendants to reasonably believe that the plaintiff consented to the acts of defendant.[109] "Touching" for purposes of assault or battery means "contact with any part of the plaintiff's body, contact with anything physically attached to the plaintiff's body, or contact with anything held by the plaintiff."[110] "A touching is

---

[107] Docket 25 at 28.

[108] *See* Alaska Civil Pattern Jury Instruction 12.01, Assault — Elements, and the sources cited therein.

[109] *See* Alaska Civil Pattern Jury Instruction 12.02, Battery — Elements, and the sources cited therein.

[110] Alaska State Jury Instruction 12.03A, Assault or Battery — "Touching" Defined.

Case No. 3:25-cv-00090-SLG, *Darden v. Muni. of Anchorage, et al.*
Order on Motion to Dismiss, Motion to Supplement, and Motion to Strike
Page 26 of 37

Case 3:25-cv-00090-SLG    Document 40    Filed 03/09/26    Page 26 of 37

offensive if it offends a reasonable sense of personal dignity."[111] "A person acts intentionally if the person intends to cause harmful or offensive contact."[112]

Under Alaska Statute § 12.25.070, an officer "may not subject a person arrested to greater restraint than is necessary and proper for the arrest and detention of the person." Under Alaska Statute § 11.81.370(a), a police officer may use nondeadly force "when and to the extent the officer reasonably believes it necessary to make an arrest . . . ."

Here, Plaintiff's assault and battery claims against Officer Maldonado and Sergeant Noll are based on the same factual allegations as Counts I and II. Therefore, Count IX against Officer Maldonado and Sergeant Noll will not be dismissed at this early stage of the case. If liability is established against the officers, the MOA may also be liable for this state law claim unless the officers' immunity under state law is established.[113]

## COUNT X – False Imprisonment

"False arrest and false imprisonment are not separate torts. A false arrest is one way to commit false imprisonment; since an arrest involves restraint, it always involves imprisonment."[114] To establish false arrest-imprisonment under

---

[111] Alaska Civil Pattern Jury Instruction 12.03B, Assault or Battery — "Offensive" Defined.

[112] Alaska Civil Pattern Jury Instruction 12.03C, Assault or Battery — "Intent" Defined.

[113] *See* Docket 25 at 26; *see Taranto v. N. Slope Borough,* 909 P.2d 354, 357 (Alaska 1966) ("[T]he liability of a municipality for the negligent acts and omissions of its representatives will be governed by traditional tort principles." (quoting *Busby v. Municipality of Anchorage,* 741 P.2d 230, 232 (Alaska 1987))).

[114] *Waskey v. Municipality of Anchorage,* 909 P.2d 342, 345 (Alaska 1996) (quoting *City of Nome*

Case No. 3:25-cv-00090-SLG, *Darden v. Muni. of Anchorage, et al.*
Order on Motion to Dismiss, Motion to Supplement, and Motion to Strike
Page 27 of 37

Case 3:25-cv-00090-SLG    Document 40    Filed 03/09/26    Page 27 of 37

Alaska law, a plaintiff must prove: (1) the plaintiff's freedom was restrained, (2) without proper legal authority.[115]

Because Plaintiff has adequately alleged a claim that his freedom was restrained without proper legal authority, his claim of false imprisonment against Officer Maldonado and Sergeant Noll will not be dismissed at this early stage of the case. If liability is established against the officers, the MOA may also be liable for this state law claim.

### COUNT XI – Intentional Infliction of Emotional Distress

To establish intentional infliction of emotional distress under Alaska law, a plaintiff must prove: (1) the defendant's conduct was extreme and outrageous; (2) the defendant intended to cause the plaintiff to suffer emotional distress, or acted with reckless disregard of the probability of causing the plaintiff to suffer emotional distress; and (3) the defendant's conduct caused the plaintiff to experience severe emotional distress.[116] "'Extreme and outrageous' conduct is conduct that goes beyond all possible bounds of decency so as to be regarded as atrocious and utterly intolerable in a civilized community" and "[s]evere emotional distress is distress that is so substantial or enduring that no reasonable person should be

---

v. Ailak, 570 P.2d 162, 168 (Alaska 1977)).

[115] Id. (citing Hazen v. Municipality of Anchorage, 718 P.2d 456, 461 (Alaska 1986)).

[116] Alaska Civil Pattern Jury Instruction 03.16, Intentional Infliction of Emotional Distress, and the sources cited therein.

Case No. 3:25-cv-00090-SLG, Darden v. Muni. of Anchorage, et al.
Order on Motion to Dismiss, Motion to Supplement, and Motion to Strike
Page 28 of 37

Case 3:25-cv-00090-SLG    Document 40    Filed 03/09/26    Page 28 of 37

expected to endure it."[117]

The factual allegations, in conjunction with the video footage of the May 13, 2023 incident, simply do not and cannot rise to the level of extreme and outrageous conduct necessary to maintain an intentional infliction of emotional distress claim under Alaska law. Plaintiff's claim of intentional infliction of emotional distress against Officer Maldonado, Sergeant Noll, and the MOA must be dismissed without leave to amend.

### COUNT XII – Negligent Hiring, Training, and Supervision
### (MOA and former Chief Kerle)

In Alaska, negligent training and supervision claims are direct claims against a municipality.[118] To succeed on a negligent training or supervision claim against MOA or former Chief Kerle, Plaintiff must show "system-wide problems involving delayed recordkeeping resulting in unlawful arrests," "evidence that the records were so inaccurate that there was a need to train troopers not to rely on them," or any evidence of "supervisory negligence in creating or failing to correct such problems."[119] A single incident is generally insufficient to establish supervisory or municipal liability.[120]

Here, Plaintiff makes conclusory statements that MOA "hir[ed] individuals

---

[117] *Id.*

[118] *Russell ex rel. J.N. v. Virg-In,* 258 P.3d 795, 810 (Alaska 2011).

[119] *Prentzel,* 169 P.3d at 590-91.

[120] *See id.*

Case No. 3:25-cv-00090-SLG, *Darden v. Muni. of Anchorage, et al.*
Order on Motion to Dismiss, Motion to Supplement, and Motion to Strike
Page 29 of 37

Case 3:25-cv-00090-SLG    Document 40    Filed 03/09/26    Page 29 of 37

who were not properly qualified or suited for positions or authority in law enforcement," "fail[ed] to adequately train officers regarding constitutional rights, proper arrest procedures, and use of force," "fail[ed] to discipline officers," and "fail[ed] to implement adequate policies and procedures."[121]   Plaintiff has not included any facts to suggest the MOA, or former Police Chief Kerle personally, failed to adequately hire, train, or supervise APD officers. Therefore, Plaintiff's state law claim of negligent hiring, training, and supervision must be dismissed. Although likely futile, Plaintiff may amend the Complaint to include plausible factual allegations against the MOA and/or former Chief Kerle to try to state a claim for negligent hiring, training, or supervision.

## COUNT XIII – Gross Negligence

In Alaska, to prove a claim of negligence, "a plaintiff must show a duty of care owed to him by the defendant, a breach of that duty, and that damage was proximately caused by the breach."[122]  To establish gross negligence under Alaska law, the defendant must make an extreme departure from using the amount of care a reasonably careful person would use in the same situation.[123]   Although "[w]hether a defendant breached its duty of care is typically a factual question for the jury," it may be determined as a matter of law when, based on the facts, no

---

[121] Docket 1 at 64-65.

[122] *Shooshanian v. Wagner,* 672 P.2d 455, 464 (Alaska 1983).

[123] Alaska State Jury Instruction 03.14, Gross Negligence Defined, and the sources cited therein; *see also Cornelison v. TIG Ins.,* 376 P.3d 1255, 1283 (Alaska 2016).

Case No. 3:25-cv-00090-SLG, *Darden v. Muni. of Anchorage, et al.*
Order on Motion to Dismiss, Motion to Supplement, and Motion to Strike
Page 30 of 37

Case 3:25-cv-00090-SLG    Document 40    Filed 03/09/26    Page 30 of 37

reasonable jury could find that the defendant's actions rose to the level of gross negligence.[124]    Based on the factual allegations in the Complaint and the incorporated video footage, Plaintiff has failed to plead a viable claim of gross negligence by Officer Maldonado and Sergeant Noll.  Further, based on the video footage, the Court determines as a matter of law that no reasonable jury could find that either of those Defendants' actions on May 13, 2023 rose to the level of gross negligence.  Accordingly, Count XIII is dismissed without leave to amend.

## IV.    Punitive Damages

In the Complaint, Plaintiff requests punitive damages in the amount of $100,000 from each Defendant.[125]  Defendants contend that the Municipality of Anchorage is immune from punitive damages under Section 1983 and punitive damages are unavailable against a government entity under Alaska law.[126]  This is correct; Plaintiff may not recover punitive damages under Section 1983 or under Alaska law from the MOA and this claim must be dismissed as to the MOA without leave to amend.[127] Further, since the Court has dismissed all claims against APD, APD Internal Affairs, Sergeant Long, and Lieutenant Davison, no punitive

---

[124] *Dapo v. State,* 454 P.3d 171, 178 & n.38 (Alaska 2019) (collecting cases).

[125] Docket 1 at 69-70.

[126] Docket 25 at 35.

[127] *City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 271 (1981) ("[A] municipality is immune from punitive damages under 42 U.S.C. § 1983"); *Alaska Hous. Fin. Corp. v. Salvucci,* 950 P.2d 1116, 1123 (Alaska 1997) ("Alaska is among the 'overwhelming majority of jurisdictions' which endorses the rule that punitive damages may not be awarded against governmental entities in the absence of explicit statutory authorization.").

Case No. 3:25-cv-00090-SLG, *Darden v. Muni. of Anchorage, et al.*
Order on Motion to Dismiss, Motion to Supplement, and Motion to Strike
Page 31 of 37

damages are recoverable against any of them.

With respect to Officer Maldonado, Sergeant Noll, and former Chief Kerle, for a jury to be permitted to award punitive damages in a Section 1983 case, the defendant's conduct must be "shown to be motivated by evil motive or intent, or . . . involves reckless or callous indifference to the federally protected rights of others."[128]  And under Alaska law,

> The fact finder may make an award of punitive damages only if the plaintiff proves by clear and convincing evidence that the defendant's conduct (1) was outrageous, including acts done with malice or bad motives; or (2) evidenced reckless indifference to the interest of another person.[129]

"[P]unitive damages are a harsh remedy 'not favored in law.  They are to be allowed only with caution and within narrow limits.'"[130]  Based on the Complaint and incorporated video evidence, Plaintiff has not adequately pled factual allegations showing either Officer Maldonado or Sergeant Noll acted with malice, bad faith, or was recklessly indifferent to Plaintiff's rights under Section 1983 or Alaska law.  Nor has Plaintiff alleged any conduct whatsoever by former Chief Kerle that was outrageous or evidenced reckless disregard for Plaintiff's rights However, although a punitive damages claim against any defendant is likely futile in this case, because some of Plaintiff's substantive claims are not dismissed and

---

[128] *Smith v. Wade,* 461 U.S. 30, 56 (1983).

[129] Alaska Stat. § 09.17.020(b).

[130] *Chizmar v. Mackie*, 896 P.2d 196, 210 (Alaska 1995) (quoting *State Farm Mut. Auto. Ins. Co. v. Weiford*, 831 P.2d 1264, 1266 (Alaska 1992)).

Case No. 3:25-cv-00090-SLG, *Darden v. Muni. of Anchorage, et al.*
Order on Motion to Dismiss, Motion to Supplement, and Motion to Strike
Page 32 of 37

Case 3:25-cv-00090-SLG     Document 40     Filed 03/09/26     Page 32 of 37

others are dismissed with leave to amend, Plaintiff's punitive damages claims against Officer Maldonado, Sergeant Noll, and former Chief Kerle are dismissed with leave to amend.

## V.    Leave to Amend

As discussed above, the Court is granting leave to Plaintiff to file an amended complaint as to certain claims and Defendants.  An amended complaint replaces the prior complaint in its entirety.[131]   Therefore, it must restate those claims that this Court has indicated may proceed.  Any claim not included in the amended complaint will be considered waived.  Although Plaintiff is being given an opportunity to file an amended complaint, he must not expand the scope of the case by alleging new unrelated parties or claims.  Any amended complaint must not include any claims or defendants for which Plaintiff lacks a sufficient legal or factual basis.

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]"[132]   Plaintiff's original 72-page Complaint failed to meet this requirement.  A complaint must also allege that the plaintiff suffered a specific injury as a result of the conduct of a particular defendant, and it must allege

---

[131] *See* Fed. R. Civ. P. 15; District of Alaska Local Civil Rule 15.1.

[132] Fed. R. Civ. P. 8(a)(2).

Case No. 3:25-cv-00090-SLG, *Darden v. Muni. of Anchorage, et al.*
Order on Motion to Dismiss, Motion to Supplement, and Motion to Strike
Page 33 of 37

Case 3:25-cv-00090-SLG    Document 40    Filed 03/09/26    Page 33 of 37

an affirmative link between that specific injury and the conduct of that defendant.[133]

Under Rule 11 of the Federal Rules of Civil Procedure, when a party, including one who is self-represented, files a pleading, written motion, and other paper with the Court, he certifies "that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances. . . the legal contentions are warranted by existing law or nonfrivolous argument" and "the factual contentions have evidentiary support."[134] The Court may impose Rule 11(c) sanctions, including "nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation."[135]

## MOTION TO SUPPLEMENT & MOTION TO STRIKE

On October 16, 2025, at Docket 33, Plaintiff filed a motion to supplement the record with his annotated transcripts of the video evidence from the officers' dash cameras. On October 20, 2025, at Docket 36, Defendants filed a motion to strike Plaintiff's motion at Docket 33. Plaintiff filed an opposition at Docket 37. Plaintiff asserts that his motion to supplement is a response to the video evidence

---

[133] *Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976).

[134] Fed. R. Civ. P. 11(b)(2–3).

[135] Fed. R. Civ. P. 11(c)(4).

Case No. 3:25-cv-00090-SLG, *Darden v. Muni. of Anchorage, et al.*
Order on Motion to Dismiss, Motion to Supplement, and Motion to Strike
Page 34 of 37

Case 3:25-cv-00090-SLG     Document 40     Filed 03/09/26     Page 34 of 37

submitted by Defendants and authorized under Federal Rule of Civil Procedure 12(d).[136]

The Court will not supplement the record with Plaintiff's annotated version of the video evidence because the actual video evidence is incorporated by reference in the Complaint, such that Plaintiff's annotated transcript of the video is not the best evidence of the video's content.[137]  Therefore, Plaintiff's Motion to Supplement at Docket 33 is DENIED and Defendants' Motion to Strike Unauthorized Sur-Reply at Docket 36 is DENIED as moot.

## CONCLUSION

In light of the foregoing, IT IS ORDERED that Defendants' Motion to Dismiss at Docket 25 is **GRANTED** in part and **DENIED** in part as follows:

1.     All Counts and claims against APD and APD Internal Affairs are DISMISSED without leave to amend.

2.     All Counts and claims against Lieutenant Davison and Sergeant Long are DISMISSED without leave to amend.

3.     Counts I, II, and III are DISMISSED without leave to amend as Defendant MOA and former Chief Kerle.  Defendants' motion to dismiss Counts I, II, and III as to Officer Maldonado and Sergeant Noll is DENIED. If Plaintiff elects to file an amended complaint, Counts I, II, and III must only

---

[136] Docket 37-1 at 1–2.

[137] *See* Fed. R. Evid. 1002.

Case No. 3:25-cv-00090-SLG, *Darden v. Muni. of Anchorage, et al.*
Order on Motion to Dismiss, Motion to Supplement, and Motion to Strike
Page 35 of 37

include claims against Officer Maldonado and Sergeant Noll.

4.      Count IV is DISMISSED as to all remaining Defendants.  Leave to file an amended complaint on this count is granted solely as to Officer Maldonado and Sergeant Noll, within the confines of Rule 11. Count IV is DISMISSED without leave to amend as to Defendant MOA and former Chief Kerle.

5.      Count V against all Defendants is DISMISSED without leave to amend.

6.      Counts VI, VII, and VIII are DISMISSED.   Although amendment is likely futile, Plaintiff may attempt to correct the deficiencies on these claims identified in this order in an amended complaint as to MOA and former Chief Kerle only.

7.      The motion to dismiss Counts IX and X is DENIED with respect to Officer Maldonado, Sergeant Noll, and the MOA, and GRANTED with respect to all the remaining Defendants.  If Plaintiff elects to file an amended complaint, Counts IX and X must only include claims against Officer Maldonado, Sergeant Noll, and the MOA.

8.      Count XI is DISMISSED without leave to amend as to all Defendants.

9.      Count XII is DISMISSED with leave to amend as to the MOA and

Case No. 3:25-cv-00090-SLG, *Darden v. Muni. of Anchorage, et al.*
Order on Motion to Dismiss, Motion to Supplement, and Motion to Strike
Page 36 of 37

Case 3:25-cv-00090-SLG    Document 40    Filed 03/09/26    Page 36 of 37

former Chief Kerle only.

10.     Count XIII is DISMISSED as to all Defendants without leave to amend.

11.     Plaintiff's punitive damages claim against the MOA is DISMISSED without leave to amend.  Plaintiff's punitive damages claims against Officer Maldonado, Sergeant Noll, and former Chief Kerle are DISMISSED with leave to amend, within the confines of Rule 11.

Plaintiff may file a First Amended Complaint **within 21 days of the date of this order.**  Failure to file a First Amended Complaint by that date will be deemed a decision by Plaintiff to stand upon the existing allegations that were not dismissed in this order—i.e. Counts I, II, and III against Officer Maldonado and Sergeant Noll only and Counts IX and X against Officer Maldonado, Sergeant Noll, and MOA only.  Defendants shall file an Answer or otherwise respond to the First Amended Complaint within 21 days of the date of the First Amended Complaint or 21 days have elapsed from the date of this order and no amended complaint has been filed.[138]

IT IS FURTHER ORDERED that Plaintiff's Motion to Supplement at Docket 33 is DENIED and Defendants' Motion to Strike Unauthorized Sur-Reply is DENIED as moot.

DATED this 9th day of March, 2026, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[138] Fed. R. Civ. P. 12(1)(A)(i).

Case No. 3:25-cv-00090-SLG, *Darden v. Muni. of Anchorage, et al.*
Order on Motion to Dismiss, Motion to Supplement, and Motion to Strike
Page 37 of 37